IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRNA HUBBARD,

    Plaintiff,                       No. CIV S-07-2646 FCD DAD PS

    vs.

REGGIE THEUS, et al.,            FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The district court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit demonstrating his or her inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

        Here, plaintiff indicates in her in forma pauperis application that she is not currently employed. However, plaintiff has failed to provide information about the date of her last employment, the amount of take-home pay, payment intervals, and the employer's name and address. Plaintiff indicates that she received money in the past twelve months from "other

1

sources," but she has failed to describe those sources, the amount received from each source during the past twelve months, and the amount she expects to continue to receive. Plaintiff declares that she has $1,130 from Social Security Disability in a checking or savings account and does not own any real estate or other assets of value. Plaintiff alleges in her complaint that she is a licensed real estate sales person, a real estate broker, and "a small minority women's business owner and professional business woman." (Compl. at 1.)

The court finds that plaintiff has failed to make an adequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993). Plaintiff's in forma pauperis application should therefore be denied.

Plaintiff is advised that a federal pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). This is so because federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal Constitution and statute. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. See Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.

/////

---

[1] The judicial power of the United States is vested in "one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. Art. III, § 1. Congress has conferred jurisdiction upon federal district courts, as limited by Article III, § 2. See 28 U.S.C. § 132. See also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. See generally W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

Here, plaintiff has sued the coach of the Sacramento Kings and a former Sacramento Kings basketball player. Plaintiff has also sued Donna Mobley, Leonard Mobley, Walter Mobley, Lena Mobley, Dontell Mobley, and Oda Mae Hubbard, all of whom appear to be related to plaintiff. Plaintiff characterizes her action as one for personal injury. She seeks 1.5 million dollars in monetary damages for assault, libel, and slander. The allegations of plaintiff's complaint demonstrate that diversity jurisdiction is absent because all parties to the action are citizens of California. Plaintiff's claims of assault, libel, and slander do not arise under the United States Constitution or any federal statute and therefore fail to present a federal question. Plaintiff has not met her burden of establishing any ground for this court's jurisdiction.

Because this court lacks subject matter jurisdiction over plaintiff's claims, it appears clear that granting leave to amend would be futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The undersigned will therefore recommend that this action be dismissed with prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 10, 2007 application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to

1  Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
2  objections within the specified time may waive the right to appeal the District Court's order. <u>See</u>
3  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: January 2, 2008.

```
                                    _____
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE
```

DAD:kw
Ddad1\orders.pro se\hubbard2646.f&r.jur

4